SARGEANT *et ux.*

*v.*

IRVING *et al.*

(*Supreme Court of Appeals of Virginia, March 26, 1896.*)

[24 S. E. Rep. 344.]

### Statutes Regulating Ferries—Jurisdiction of County Court—Case at Bar.

Under Act Dec. 26, 1792, reducing into one the several acts regulating ferries (Rev. Code 1802, c. 116, pp. 221–228), wherein defendants' ferry is described as extending "from the land of William Howard [Albemarle county] over the Fluvanna [James river] to Thomas Anderson's landing [Buckingham county], and from said Anderson's to Howard's"; and Code 1887, § 1380, conferring on the court of the county "from" which any ferry is established the right to discontinue such ferry for failure to comply with the law,—either the county court of Buckingham or that of Albemarle had jurisdiction to discontinue defendants' ferry on proper showing, subject to the concurrence of the other court.

### Appeal—Bond—Case at Bar.

A party who, on expressing an intention to appeal from an order of the county court made November 13th, and have the case tried de novo in the circuit court, is granted until November 17th to give the necessary bond, cannot complain that the court adjourned for the term on November 14th, unless the record shows that he was thereby prevented from giving the required bond.

### Judgments—Presumption as to Correctness.

The judgment of a court having jurisdiction of the subject-matter and the parties will be presumed correct until the contrary is shown.

Error to circuit court, Buckingham county.

Proceeding in the county court by Joseph K. Irving and others against George A. Sargeant and Lucy F. Sargeant, his wife, to discontinue a public ferry. An order discontinuing said ferry was affirmed on writ of error to the circuit court, and defendants bring error. Affirmed.

*F. C. Moon, M. I. Dunn,* and *Caskie & Coleman,* for plaintiffs in error.

*Camm Patteson* and *Thomas S. Martin,* for defendants in error.

RIELY, J., delivered the opinion of the court.

The principal ground of error assigned in the petition is that the court of Buckingham county did not have jurisdiction to enter the order discontinuing the ferry of the plaintiffs in error across James river at Howardsville. Section 1380 of the Code of 1887 confers upon the court of the county "from which any ferry is established" the right to discontinue such ferry for the failure to comply with the requirements of the law with respect to ferries, after first causing the proprietor to be summoned to show cause against such order ; but it is claimed that it does not appear that the ferry under investigation was established from Buckingham county. It is conceded that the ferry was established by an act of the general assembly more than a hundred years ago, but the original act has not been produced. The earliest description of the ferry that we have is to be found in the act of December 26, 1792, entitled "An act reducing into one the several acts for the settlement and regulation of ferries." See Rev. Code 1802, c. 116, pp. 221–228. Here it is described as the ferry "from the land of William Howard, over the Fluvanna, to Thomas Anderson's landing, and from said Anderson's to Howard's." At the time this act was passed, the river at that point, as the main branch of James river, was

called the Fluvanna river.    In the absence of the original act
creating the ferry, it is to be presumed that when the legisla-
ture undertook to pass a general act enumerating and grouping
together the ferries it had established it described them cor-
rectly.    It thus appears that the ferry was established both
from Albemarle county across the river to Buckingham county,
and from Buckingham county back across the river to Albemarle
county.    The court of either county therefore had jurisdiction,
under the provisions of section 1380, to make an order discon-
tinuing the ferry upon proof of failure to comply with the law,
subject to the concurrence of the court of the other county.
The right of the court of Buckingham county to enter the order
complained of thus plainly appears.

It is next complained that, the order having been made on
November 13, 1894, and the defendants having expressed their
intention to appeal to the circuit court, and have the case heard
de novo, they were given until November 17th within which to
give the necessary bond, but that the court adjourned for the
term on the 14th, three days previous thereto.    At its January
term, 1895, the court entered an order amending the record of
November, 1894, and showing that there was a mistake in the
date of the order adjourning the term, and that the court did
not adjourn until November 19th, instead of November 14th.
It is unnecessary to pass on the validity of such amendment,
but sufficient to say that it nowhere appears in the record, nor
is it claimed, that the plaintiffs in error were prevented from
giving the required bond by the adjournment of the court at
its November term, 1894, and that they were really prejudiced
by the action of the court, even if it did in fact adjourn earlier
than November 17th.    The record does not contain any of the
evidence which induced the court to enter its order discontinu-
ing the ferry, and all that we have before us are the facts recited
in the order of the court, and made a part thereof.    The
facts so recited, if established by the evidence, would be con-

clusive of the propriety of the order of the court ; but, independent of the facts so recited, it appearing that the court had jurisdiction over both the subject-matter of the proceeding and of the parties, its judgment must be presumed to be right until the contrary is shown.    There is no error in the judgment of the circuit court, and the same is therefore affirmed.